United States District Court
Southern District of Texas
**ENTERED**
March 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RUBI PULGAR CHIRINOS *on behalf of* | § | |
| CARLOS ALBERTO PEROZO CASTRO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-404 |
| | § | |
| WARDEN OF WEBB COUNTY | § | |
| DETENTION CENTER | § | |

### ORDER TO SHOW CAUSE

Rubi Pulgar Chirinos initiated this habeas proceeding, allegedly on behalf of her family member, Carlos Alberto Perozo Castro (*see* Dkt. Nos. 1, 2). As the Court is uncertain that it can maintain subject matter jurisdiction over this matter, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** that the requirements are met **no later than April 9, 2026**.

### I.   BACKGROUND

On March 16, 2026, the Court received a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Rubi Pulgar Chirinos on Carlos Alberto Perozo Castro's behalf but containing no signature (*see* Dkt. No. 1). According to the Petition, Carlos is detained by immigration authorities at the Webb County Detention Center in Laredo, Texas (Dkt. No 1 at 1). Petitioner requests his immediate release or a bond hearing (Dkt. No. 1 at 8).

Setting aside the possible limitations of the relief sought,[1] the Court identified deficiencies in Petitioner's pleading, which may preclude its subject matter jurisdiction

---

[1] *See* 8 U.S.C. § 1252(g) (the executive branch has exclusive jurisdiction to adjudicate cases); § 1252(b)(9) (if claims "arise from" removal proceedings, federal courts lack jurisdiction); § 1252(a)(5) (the only means of obtaining judicial review of a final order of removal, deportation, or exclusion is by filing a petition with a federal court of appeals).

1

over this matter. Namely, Rubi has not satisfied the requirements to represent Carlos as a next friend. Nor does Rubi appear to be a licensed attorney.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 2242, a habeas petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." While the individual acting on the Petitioner's behalf is ordinarily an attorney, "a non-lawyer may sign and file a habeas petition on behalf of someone else only when the petition establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would-be 'next-friend.'" *Burruss v. Hawkins*, No. CV H-22-2740, 2023 WL 319955, at *3 (S.D. Tex. Jan. 19, 2023) (citation modified) (quoting *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978) (per curiam)). The failure to establish these requisites strips the district court of subject matter jurisdiction to consider a petition. *Id.* (citing *Weber*, 570 F.2d at 514).

## III.   DISCUSSION

Here, while Rubi filed the petition, neither Carlos nor Rubi signed it. Rubi claims she is Carlos's family member and that, "[d]ue to his detention and limited access to legal resources and mail, [she] is assisting by submitting this Petition for Writ of Habeas Corpus on his behalf" (Dkt. No. 2). Rubi also does not claim that Carlos is unable to sign the Petition himself. In fact, she states, "If the Court requires the Petitioner's original signature, he will sign and submit the petition directly from the detention center as soon as he receives the documents," and that she only submitted the petition herself "to avoid delay" (Dkt. No. 2). While the Court appreciates Rubi's candor and urgency, these conclusory allegations do not satisfy the *Weber* framework.

*First*, Petitioner "must also 'set forth an adequate reason or explanation of the necessity for resort to the "next friend" device.'" *Burruss*, 2023 WL 319955, at *3 (quoting *Weber*, 570 F.2d at 514). *Weber* sanctioned several justifications, including the "[i]nability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity." *Weber*, 570 F.2d at 514 n.4 (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (2d Cir. 1921)); *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) ("[A] 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability." (citations omitted)). The fact that Carlos is detained, on its own, is not sufficient to justify next friend status.

Indeed, similarly situated habeas petitioners are **all** detained, yet they manage to prepare and file their writs. This Court is not alone in seeing "numerous pro se petitioners in immigration custody seeking relief who face the same conditions as [Petitioner] and are able to litigate their petition." *Rosales Acosta v. Slosar*, No. 2:26-CV-233-KCD-NPM, 2026 WL 309230, at *1 (M.D. Fla. Feb. 5, 2026). Affording Carlos flexibility here would create a fundamental unfairness, as others are not granted the same accommodation. Ultimately, the burden lies with the next friend to "clearly [] establish the propriety of his status and thereby justify the jurisdiction of the court," and the Court finds that Rubi did not rise to the occasion here. *Whitmore*, 495 U.S. at 164 (citations omitted).

*Second*, Rubi does not allege that she is a licensed attorney. Unless next friend status has otherwise been established, that fact ordinarily bars a court from exercising subject matter jurisdiction over these proceedings. *See Smith v. White*, 857 F.2d 1042, 1043 (5th Cir. 1988) (signatures of non-attorneys are generally ineffective to initiate proceedings on the behalf of non-signor prisoners). **Consequently, it is the Court's**

**current interpretation that the instant Petition is subject to dismissal**. *Burruss*, 2023 WL 319955, at *3 (citing *Weber*, 570 F.2d at 514).

## IV.  CONCLUSION

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** why this petition should not be dismissed for lack of subject matter jurisdiction. If Rubi seeks to pursue this action on Carlos's behalf as next friend, she must: (1) adequately explain why Carlos cannot prosecute this habeas proceeding on his own consistent with relevant case law; (2) provide proof to support why the circumstances prevent him from representing his own interests; and (3) establish that she is truly dedicated to Carlos's best interests. Petitioner **must** file his response **no later than April 9, 2026**.

**Petitioner is WARNED that failure to comply with this Order may result in dismissal of this action for want of prosecution under Federal Rule of Civil Procedure 41(b)**. *See* Rules Governing Section 2254 Cases, Rule 12 (the Federal Rules of Civil Procedure apply in habeas actions "to the extent that they are not inconsistent with any statutory provisions or these rules"); *see also* Rules Governing Section 2254 Cases, Rule 1(b) (§ 2254 rules apply to 28 U.S.C. § 2241 cases).

The Clerk of Court is **DIRECTED** to serve a copy of this Order on Rubi Pulgar Chirinos via any receipted means at:

Rubi Pulgar Chirinos
2901 Derek Dr
Fort Worth, Texas 76116

4

The Clerk of Court is also **DIRECTED** to serve a copy of this Order on Carlos

Alberto Perozo Castro via United States mail at:

Carlos Alberto Perozo Castro
A-Number: 241-664-174
Webb County Detention Center
9998 S. Highway 83
Laredo, Texas 78041

It is so **ORDERED**.

**SIGNED** March 27, 2026.

Marina Garcia Marmolejo
United States District Judge